# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-1003 AB (MRWx) | Date | November 16, 2017 |
| Title | Rassoli v. Wells Fargo Bank | | |

Present: The Honorable   Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None present | None present |

**Proceedings:**      ORDER TO SHOW CAUSE

     1.    Defendant filed a discovery motion that is not in the joint format mandated under the Local Rules. (Docket # 62.) The motion is accompanied by a statement that indicates that Plaintiff did not provide her/his portion of the joint motion before the moving party filed it and failed to confer in accordance with this Court's Local Rule 37-1. (Docket # 62-2 at 4-5.)

     2.    A party's failure to file a required document within a deadline set by local rule or to cooperate in the submission of a joint discovery motion "may be deemed consent to the granting [ ] of the motion." Local Rule 7-12. Therefore, Plaintiff is ORDERED TO SHOW CAUSE for the failure to comply with the joint filing process <u>and</u> to submit a substantive response to the discovery motion by <u>November 29, at 12:00 p.m.</u> If the Court does not receive any submission, the motion will be granted as unopposed under local rule without further proceedings. The Court will also award expenses to the moving party as required under Federal Rule of Civil Procedure 37(a)(5).

* * *

     3.    That said, the Court is a bit baffled by Defendant's demand that Plaintiff provide "objectionless responses" to the request for production of documents. Based on the Court's preliminary review of the materials, Plaintiff muttered generalized and obviously boilerplate objections (referencing state civil procedure sections and "these interrogatories") to the document requests. (Docket # 62-2 at 51.) But there was no statement in the response that Plaintiff failed to produce any documents on the basis of any asserted objection.

     4.    Federal Rule of Civil Procedure 34(b)(2)(C) (amended in 2015) covers this. A litigant's objection to a document request "must state whether any responsive materials are being withheld on the basis of an objection." If not, you produce it all. While Defendant is

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1003 AB (MRWx) | Date | November 16, 2017 |
|----------|---------------------|------|-------------------|
| Title | Rassoli v. Wells Fargo Bank | | |

surely entitled to the production of all responsive and relevant items during discovery, I'm not sure what the point is to order Plaintiff to prepare a piece of paper that conforms to what the rule already says – and won't alter Plaintiff's already-existing discovery obligations.

     5.    And Defendant need not fear Plaintiff showing up on the eve of trial with additional materials to advance the case that were not produced during the pretrial stage. Judge Birotte and I know how to enforce the preclusion provisions of Rule 37 in the event of discovery misconduct.